IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANKIE CASSINELLI,

          Plaintiff,            No. CIV S-04-2029 KJM

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,

          Defendant.            ORDER

_____/

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social
Security ("Commissioner") denying applications for Disability Income Benefits ("DIB") and
Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act
("Act"), respectively.  For the reasons discussed below, the court will deny plaintiff's motion for
summary judgment or remand and grant the Commissioner's cross-motion for summary
judgment.

/////

/////

/////

/////

I. Factual and Procedural Background

In a decision dated October 28, 2003, the ALJ determined plaintiff was not disabled.[1]  The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review.  The ALJ found plaintiff has severe impairments of status post C5-6 cervical discectomy and interbody fusion and cervical disc disease but that these impairments do not meet or medically equal a listed impairment; plaintiff is not totally credible; plaintiff can lift 20 pounds occasionally and 10 pounds frequently, walk/stand six hours, sit six hours and avoid overhead reaching; plaintiff can perform her past relevant work; and plaintiff is not disabled.  Administrative Transcript ("AT") 21, 24-25.  Plaintiff contends the ALJ

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq.  Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq.  Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A five-step sequential evaluation governs eligibility for benefits.  See 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).  The following summarizes the sequential evaluation:

Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.
Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.
Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.
Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.
Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled. _____

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

1   improperly discredited her subjective complaints, improperly rejected the opinions of treating

2   physicians, and failed to consider all of her severe impairments in combination.

3   II.  Standard of Review

4          The court reviews the Commissioner's decision to determine whether (1) it is

5   based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the

6   record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing

7   Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).

8   Substantial evidence means more than a mere scintilla of evidence, but less than a

9   preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v.

10  Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a

11  reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402

12  U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S.

13  197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler,

14  782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

15  detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir.

16  1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of

17  supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If

18  substantial evidence supports the administrative findings, or if there is conflicting evidence

19  supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see

20  Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an

21  improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d

22  1335, 1338 (9th Cir. 1988).

23  III.  Analysis

24      A.  Credibility

25          Plaintiff  claimed disabling pain from neck and back impairments, depression,

26  abdominal problems and fatigue.  AT 51, 72, 294-300.  The ALJ determines whether a disability

3

1    applicant is credible, and the court defers to the ALJ's discretion if the ALJ used the proper

2    process and provided proper reasons.  See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir.

3    1995).  If credibility is critical, the ALJ must make an explicit credibility finding.  Albalos v.

4    Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th

5    Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for

6    the disbelief").

7             In evaluating whether subjective complaints are credible, the ALJ should first

8    consider objective medical evidence and then consider other factors.  Bunnell v. Sullivan, 947

9    F.2d 341, 344 (9th Cir. 1991) (en banc).  If there is objective medical evidence of an impairment,

10   the ALJ then may consider the nature of the symptoms alleged, including aggravating factors,

11   medication, treatment and functional restrictions.  See id. at 345-47.  The ALJ also may consider:

12   (1) the applicant's reputation for truthfulness, prior inconsistent statements or other inconsistent

13   testimony, (2) unexplained or inadequately explained failure to seek treatment or to follow a

14   prescribed course of treatment, and (3) the applicant's daily activities.  Smolen v. Chater, 80 F.3d

15   1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR

16   55406-01; SSR 88-13.  Work records, physician and third party testimony about nature, severity

17   and effect of symptoms, and inconsistencies between testimony and conduct also may be

18   relevant.  Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997).  A failure

19   to seek treatment for an allegedly debilitating medical problem may be a valid consideration by

20   the ALJ in determining whether the alleged associated pain is not a significant nonexertional

21   impairment.  See Flaten v. Secretary of HHS, 44 F.3d 1453, 1464 (9th Cir. 1995).  The ALJ may

22   rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458

23   (9th Cir. 1989), which cannot substitute for medical diagnosis.  Marcia v. Sullivan, 900 F.2d 172,

24   177 n.6 (9th Cir. 1990).  "Without affirmative evidence showing that the claimant is malingering,

25   the Commissioner's reasons for rejecting the claimant's testimony must be clear and

26   /////

1  convincing." Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.

2  1999).

3        The ALJ found plaintiff was not credible based on a variety of factors. AT 22-23.

4  The ALJ noted the minimal evidence of treatment for plaintiff's mental, hiatal hernia, and fatigue

5  complaints. AT 22. Also factored into the ALJ's credibility analysis was the consultative

6  examiner's report wherein these complaints were not asserted as a basis of disability. AT 250-

7  254. The ALJ also noted the negative abdominal ultrasound and lack of evidence of peptic ulcer

8  disease other than a large hiatal hernia. AT 117, 118. The ALJ further considered the dearth of

9  complaints in the medical record pertaining to plaintiff's allegedly disabling fatigue. AT 22.

10 Plaintiff's daily activities also were considered as inconsistent with the limitations plaintiff

11 claimed in that she was able to drive her child to school on a daily basis and did laundry,

12 cooking, cleaning and grocery shopping. AT 307-309. The factors considered by the ALJ were

13 all valid and supported by the record. The ALJ's credibility determination was based on

14 permissible grounds and will not be disturbed.

15        B. Treating Physician Opinion

16        Plaintiff contends the ALJ improperly rejected the opinions of her treating

17 physicians with respect to her ability to perform manual labor and her mental condition. The

18 weight given to medical opinions depends in part on whether they are proffered by treating,

19 examining, or non-examining professionals. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).

20 Ordinarily, more weight is given to the opinion of a treating professional, who has a greater

21 opportunity to know and observe the patient as an individual. Id.; Smolen v. Chater, 80 F.3d

22 1273, 1285 (9th Cir. 1996).

23        To evaluate whether an ALJ properly rejected a medical opinion, in addition to

24 considering its source, the court considers whether (1) contradictory opinions are in the record,

25 and (2) clinical findings support the opinions. An ALJ may reject an uncontradicted opinion of a

26 treating or examining medical professional only for "clear and convincing" reasons. Lester, 81

5

F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional may be rejected for "specific and legitimate" reasons, that are supported by substantial evidence.  Id. at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (e.g., supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  In any event, the ALJ need not give weight to conclusory opinions supported by minimal clinical findings.  Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  Lester, 81 F.3d at 831.

Dr. Watson, plaintiff's treating physician, opined in a letter dated August 9, 2002, that plaintiff was permanently disabled from doing any sort of manual labor.  AT 128.  Dr. Watson also opined in a letter dated August 18, 2003 that plaintiff was disabled from her spinal conditions.  AT 180.  The ALJ rejected these opinions as inconsistent with the medical records. AT 21, 129 (no radiculopathy), 119, 125 (no significant central or foraminal stenosis at C3-4 and C6-7 and mild left foraminal stenosis at C4-5 without significant encroachment onto central canal).  In rejecting Dr. Watson's opinion, the ALJ also relied on the opinion of consultative examiner Dr. McIntire, whose opinion rested on his own independent clinical findings.  AT 21, 112-116.  Plaintiff's residual functional capacity as assessed by Dr. McIntire was consistent with that ultimately found by the ALJ.  AT 25, 115-116.  Finally, the ALJ found Dr. Watson's opinion of total disability inconsistent with plaintiff's daily activities.  AT 21, 307-309.  These reasons are specific and legitimate and supported by substantial evidence.  The ALJ's rejection of Dr. Watson's opinions are properly supported in the record.

Plaintiff also asserts the ALJ ignored the opinions of her treating physicians regarding a mental impairment.  However, the record contains no opinion of any treating

1   physician that plaintiff had a disabling mental impairment.  The ALJ correctly noted that plaintiff

2   was seen only one time at a mental health clinic and that at that time plaintiff was assessed with a

3   GAF of 65.[2]  AT 187.  Although plaintiff was prescribed Celexa,[3] AT 161, 163, 164, by her

4   primary care physician, there was no mental status examination performed by that physician and

5   his clinical notes are simply devoid of evidence of a mental impairment.  AT 144-164.  The ALJ

6   did not commit error in finding plaintiff did not suffer from a severe mental impairment.

7           C.  Severity of Impairments

8           Plaintiff contends the ALJ improperly assessed the severity of her impairments

9   and failed to consider all of them in combination.  An impairment is "not severe" only if it

10  "would have no more than a minimal effect on an individual's ability to work, even if the

11  individual's age, education, or work experience were specifically considered."  SSR 85-28.  The

12  purpose of step two is to identify claimants whose medical impairment is so slight that it is

13  unlikely they would be disabled even if age, education, and experience were taken into account.

14  Bowen v. Yuckert, 482 U.S. 137, 107 S. Ct. 2287 (1987).  "The step-two inquiry is a de minimis

15  screening device to dispose of groundless claims."  Smolen v. Chater 80 F.3d 1273, 1290 (9th

16  Cir. 1996); see also Edlund v. Massanari, 253 F.3d 1152, 1158 (9th Cir. 2001).  Impairments

17  must be considered in combination in assessing severity.  20 C.F.R. § 404.1523.

18          Plaintiff argues the ALJ minimized her mental impairment and therefore failed to

19  consider the combined effects of all her impairments.  As discussed above, the evidence fails to

20  /////

21

22          [2] GAF is a scale reflecting the "psychological, social, and occupational functioning on a
    hypothetical continuum of mental health-illness." Diagnostic and Statistical Manual of Mental
23  Disorders at 34 (4th ed. 2000) ("DSM IV-TR").  A GAF of 61-70 indicates some mild symptoms
    (e.g., depressed mood and mild insomnia) or some difficulty in social, occupational, or school
24  function (e.g, occasional truancy, or theft within the household), but generally functioning pretty
    well, has some meaningful interpersonal relationships.  Id.
25
            [3] Celexa is an orally administered selective serotonin reuptake inhibitor prescribed for
26  depression.  Physician Deck Reference (60th ed. 2006) at 1177-78.

                                              7

1  support a finding of severe mental impairment.  The ALJ properly considered plaintiff's

2  limitations that were supported by the evidence.  There was no error in the step two analysis.

3          The ALJ's decision is fully supported by substantial evidence in the record and

4  based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

5          1.  Plaintiff's motion for summary judgment or remand is denied, and

6          2.  The Commissioner's cross-motion for summary judgment is granted.

7  DATED:  March 30, 2006.

8

9  _____
   UNITED STATES MAGISTRATE JUDGE

10

11

12

13  006
    cassinelli.ss

14

15

16

17

18

19

20

21

22

23

24

25

26

8